JOSEPH SCIALES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sciales v. Commissioner
Docket No. 6607-81.
United States Tax Court
T.C. Memo 1983-271; 1983 Tax Ct. Memo LEXIS 522; 46 T.C.M. (CCH) 168; T.C.M. (RIA) 83271; May 16, 1983. Joseph Sciales, pro se. Keith H. Johnson, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for trial, pursuant to section 7463(c), Internal Revenue Code of 1954, and Rule 180 et seq. of this Court's Rules of Practice and Procedure. This Court agrees with and adopts the Special Trial Judge's opinion which is set out herein below. *523 OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $665 in petitioner's 1978 Federal income tax. After concessions, there are three issues remaining for decision: (1) whether petitioner is entitled to a deduction of $1,360 for entertainment expenses; (2) whether petitioner is entitled to a deduction of $509.43 for transportation expenses; and (3) whether petitioner is entitled to a deduction of $180.50 for the business use of the telephone. Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Tampa, Florida, at the time the petition was filed in this case. He timely filed his 1977 Federal income tax return with the Internal Revenue Service Center, Holtsville, New York. During 1978 petitioner was employed as a wine salesman by Gallo Wine Distributors, Inc. Petitioner's sales territory consisted of three counties in the New York City area. On his 1978 return petitioner deducted $1,360 as an entertainment expense. Petitioner maintains that he expended this amount buying gifts for customers, such as liquor, food, and the *524 like. Petitioner further contends that he kept a diary of his expenses, but that it was lost when he moved from New York to Florida. Section 1.274-5(b)(3), Income Tax Regs., disallows a taxpayer a deduction for entertainment expenses unless the taxpayer can prove the following elements of the expenditure: amount, time, place, business purpose, and business relationship. Petitioner has not proved any of these elements. Furthermore, even if we assume petitioner maintained adequate records which were lost, he could not avail himself of section 1.274-5(c)(5), Income Tax Regs., because he has not proved that the loss of his diary was due to "circumstances beyond the taxpayer's control." [1] Accordingly, respondent must be sustained on this issue. The next issue for decision concerns whether petitioner is entitled to a deduction for transportation expenses in excess of that allowed by respondent. Petitioner deducted transportation expenses of $1,938.43 on his 1978 return, consisting of expenses for mileage of $1,736.43, tolls of $100, and parking of $102. Respondent allowed petitioner a deduction of $1,429, *525 representing the amount petitioner was reimbursed by his employer. At issue remains $509.43, the difference between $1,938.43 and $1,429.00. Petitioner presented no evidence to convince us that he incurred transportation expenses in excess of those allowed by respondent. Under the circumstances, we must sustain respondent on this issue. The final issue for decision concerns whether petitioner is entitled to a deduction of $180.50 for the business use of the telephone. Respondent disallowed the entire deduction.Petitioner contends that he incurred these expenses using a public telephone to call customers during sales visits. The record establishes to our satisfaction that petitioner did incur expenses for use of the public telephones, and we velieve that they are ordinary and necessary expenses under section 162 of the Code. However, because petitioner failed to keep adequate records, we will apply the doctrine of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), and allow petitioner a deduction of $75 for the telephone expenses. Decision will be entered under Rule 155.
Footnotes
1. See Schafer v. Commissioner,T.C. Memo. 1976-369↩.